IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARIA SCHEELER, Administrator of the TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA & VICINITY**<br><br>2500 McClellan Avenue, Suite 140<br>Pennsauken, NJ  08109<br><br>*Plaintiff*,<br><br>v.<br><br>**West Lumber Building & Supply**<br><br>7315 Marshall Road<br>Upper Darby, PA  19082<br><br>    Serve:  Stanley Reese, President<br>             7315 Marshall Road<br>              Upper Darby, PA  19082<br><br>*Defendant*. | **COMPLAINT**<br> Case No. |

## COMPLAINT

Plaintiff, the Administrator of the Teamsters Pension Trust Fund of Philadelphia and Vicinity (the "Fund") by counsel, hereby files this Complaint against Defendant, West Lumber Building & Supply ("West Lumber" or "Defendant").  Plaintiff seeks a judgment awarding the withdrawal liability that has been incurred by the Defendant as a result of Defendant's complete withdrawal from the Fund, as well as interest, liquidated damages, and attorneys' fees and costs.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises pursuant to Section 4301(c) of the Employee Retirement Income Security Act of 1974 ("ERISA") (as amended), 29 U.S.C. § 1451(c).

1

2. Venue is proper in this district pursuant to Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), because the Pension Fund is administered in this District.

## PARTIES

3. The Fund is an employee pension benefit plan as defined by Section 3(4) of ERISA, 29 U.S.C. § 1002(4), as well as a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and Section 4001(a)(3) of ERISA, 29 U.S.C. § 1301(a)(3).

4. Plaintiff Maria Scheeler is the Administrator of the Fund, and is a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Pursuant to Section 4301(a)(1) of ERISA, 29 U.S.C. § 1451(a)(1), the Administrator is authorized to bring this action on behalf of the Pension Fund and its participants and beneficiaries, for the purpose of collecting withdrawal liability and other amounts.

5. Upon information and belief, Defendant was at all times pertinent to this action a corporation with its principal place of business at 7315 Marshall Road, Upper Darby, Pennsylvania, 19082. At all times pertinent to this action, Defendant was an "employer" within the meaning Section 3(5) of ERISA, 29 U.S.C. § 1002(5), engaged in an industry affecting commerce within the meaning of Section 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

## FACTUAL BACKGROUND

6. Plaintiffs reallege and incorporate herein paragraphs 1-5.

7. Until its withdrawal in the Plan Year ending December 31, 2018, West Lumber employed employees represented for the purposes of collective bargaining by the Teamsters

Local Union No. 500 ("Union"), a labor organization representing employees in an industry affecting commerce.

8. Defendant and the Union, at all times pertinent to this action, were parties to a Collective Bargaining Agreement ("CBA"), which obligated Defendant to make monthly contributions to the Pension Fund for all employees covered by the CBA.

9. The Fund has determined that, as of December 31, 2018, West Lumber permanently ceased to have an obligation to contribute to the Fund, or permanently ceased all covered operations under the Fund, thereby withdrawing from the Fund in a statutory "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

10. The Fund has determined that as a result of this complete withdrawal, West Lumber incurred withdrawal liability in the amount of $459,345.49, as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

11. On January 16, 2019, the Fund sent West Lumber an Assessment of Withdrawal Liability in accordance with Section 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. § 1382(2) and 29 U.S.C. § 1399(b)(1).  The Assessment of Withdrawal Liability informed West Lumber of the total amount of liability, and included a payment schedule of quarterly installment payments in the amount of $9,715.50.  The Assessment stated that the first installment was due on March 17, 2019.  Additionally, the Assessment stated that West Lumber could request review of the Assessment within 90 days, consistent with Section 4219(b)(2) of ERISA, 29 U.S.C. § 1399(b)(2).

12. West Lumber did not pay the first installment by March 17, 2019 but did pay the overdue amount on March 18, 2019.  Defendant has not made any subsequent payments.

13. By email sent on April 4, 2019, West Lumber requested 30 additional days to submit a Request for Review, which the Fund granted. West Lumber then filed its Request for Review on May 14, 2019.

14. The Request for Review raised issues that required additional information from Defendant, and the Fund through counsel requested that information from West Lumber on June 20, 2019. West Lumber responded to the Fund's request for additional on July 15, 2019.

15. On September 9, 2019, the Fund through counsel denied West Lumber's Request for Review, and found that liability had been properly calculated.

16. Per Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), after September 9, 2019, West Lumber had until November 8, 2019 to initiate arbitration. To facilitate settlement discussions, however, the Fund agreed to a request from West Lumber's counsel to extend the arbitration deadline to December 11, 2019.

17. West Lumber did not initiate arbitration by December 11, 2019, and is now precluded from doing so.

18. On September 10, 2019, the Fund sent notice to West Lumber that its second quarterly installment payment of $9,715.50 was originally due on June 17, 2019. The Fund stated that the payment date for the second quarterly payment had been extended to July 25, 2019. The Fund also included an updated payment schedule.

19. West Lumber did not respond to the notice, and did not pay the second quarterly installment.

20. On November 12, 2019, the Fund sent a second notice to West Lumber, which noted that the second installment payment was overdue, and which warned West Lumber that the

4

Fund would declare default under Section 4219 of ERISA, 29 U.S.C. § 1399, if the installment payment was not paid within 60 days.

21. West Lumber did not respond to the notice, and did not pay the second quarterly installment.

22. On February 10, the Fund sent a letter to West Lumber declaring Defendant to be in default. Consistent with Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), the Fund demanded immediate payment of the total amount of withdrawal liability assessed, as well as accrued interest. The Fund properly delayed the declaration of default until 61 days after December 11, the expiration of the period provided for initiation of arbitration, per 29 C.F.R. § 4219.31(c)(1).

23. West Lumber has not paid the amounts due and owing.

24. As a result of West Lumber's failure to timely cure its delinquency, West Lumber is in default within the meaning of Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), and the entire amount of the liability, payable as a lump sum, is now due and owing.

## COUNT I

### Violation of Section 515 of ERISA

25. Plaintiffs reallege and incorporate herein Paragraphs 1 through 23.

26. Defendant is in default within the meaning of Section 4219(c)(5), 29 U.S.C. § 1399(c)(5), and the entire amount of withdrawal liability is now due and owing.

27. Section 4301(b) of ERISA, 29 U.S.C. 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

28. By the foregoing conduct, West Lumber has violated Section 515 of ERISA, 29 U.S.C. 1145, and is liable under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), for the remaining amount of withdrawal liability owed to the Fund, $449,629.99; accrued interest on the total outstanding liability from July 25, the due date of the first payment which was not timely made; liquidated damages of 20% of the amount of withdrawal liability; and reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiffs pray that the Court order Defendant to pay to the Fund a judgment in favor of the Fund against West Lumber for:

(1) withdrawal liability in the amount of $449,629.99;

(2) interest on all amounts due, from July 25, 2019, the date that the first payment was not timely made, as required by Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and 502(g)(2)(A) of ERISA, 29 U.S.C. 1132(g)(2)(A);

(3) liquidated damages of twenty percent (20%) of the delinquent amounts, as required by Section 502(g)(2)(C) of ERISA, 29 U.S.C. 1132(g)(2)(C);

(4) reasonable attorneys' fees and costs, as required by Section 502(g)(2)(D) of ERISA, 29 U.S.C. 1132(g)(2)(D); and

(5) additional amounts which may become delinquent during the pendency of this action or which become ascertainable based on the Fund's review of Defendant's records.

Dated:  March 3, 2020

                                        Respectfully submitted,

                                        s/Ann Marie Effingham
                                        Ann Marie Effingham
                                        MORGAN, LEWIS & BOCKIUS
                                        502 Carnegie Center
                                        Princeton, New Jersey 08540
                                        (609) 919-6682 (tel)
                                        (609) 919-6701 (fax)

                                        Thomas K. Wotring
                                        Benjamin T. Kelly
                                        MORGAN, LEWIS & BOCKIUS
                                        1111 Pennsylvania Avenue
                                        Washington, DC 20004
                                        (202) 739-3000 (tel)
                                        (202) 739-3001 (fax)

                                        Counsel for Plaintiffs